## Morthimer v. Searles

*Mackson, Hauff, Hettinger & Thompson,* for plaintiffs.
*Webb & Webb,* for defendant.

HEIMBACH, P. J., October 3, 1975 — Defendant resists plaintiffs' motion to amend their complaint because, so says defendant, plaintiffs are asserting a new cause of action and the statute of limitations is a bar. Plaintiffs deny they are asserting a new cause of action. On the contrary, they say they seek only to assert the actual damages suffered on the cause of action pleaded in their complaint.

### STATEMENT OF FACTS

The complaint, inter alia, states that on August 20, 1966, decedent, Marion A. Morthimer, executed an agreement giving to County Holding Company, of which defendant was president, an option, expiring on October 15, 1966, to purchase her newspaper publishing business and property for $100,000. On

October 14, 1966, she extended the option to June 1967. On November 23, 1966, County Holding Company gave an option to Record News Company to purchase such newspaper publishing business and property for $150,000, said option to be exercised within 90 days after its purchase from Mrs. Morthimer. On June 20, 1967, the option given to County Holding Company was extended to June 30, 1968, and subsequently extended to June 30, 1969. On March 1, 1969, County Holding Company exercised the option and purchased the business for $100,000, making a down payment of $25,000 and giving a mortgage for $75,000.

In the trespass action, complainants state that prior to August 20, 1966, and all times thereafter, there existed a confidential relationship between defendant and Marion Morthimer, and, because of this relationship, County Holding Company procured the business for $100,000, when defendant, Richard Searles, had knowledge of an immediate purchaser for $150,000, to her loss in the amount of $50,000.

In their assumpsit action, they say if no confidential relationship existed between defendant and Marion Morthimer, then defendant breached his contract with her to procure a purchaser for her business by failing to inform her of the willingness of the Record Company to purchase the business for $150,000 and selling the business for $50,000 less to County Holding Company, to her damage in the amount of $50,000.

In their further trespass count, they allege if no contract existed, nor a confidential relationship existed, defendant having been engaged to sell her business and act as her investment adviser, fraudulently, and with intent to deceive her, represented

he had no higher offer for such business than the $100,000 offer, when, in fact, he did have an offer of $150,000 to her damage in the amount of $50,000.

Plaintiffs seek to amend the complaint as follows:

"1. Paragraph 13(a) shall be added as follows:

"13(a)  At the time of the execution of and settlement upon the aforesaid March 1, 1969 Agreement of Sale, defendant knew or had reason to know that County Holding Co., Inc. was financially unable to service or pay off the $75,000.00 mortgage and knew or should have known the said mortgage would be worthless unless a resale of the business subsequently would occur.

"2. Paragraph 13(b) shall be added as follows:

"13(b)  County Holding Co., Inc. defaulted on said mortgage as a result of which Marion A. Morthimer suffered a $75,000.00 principal loss in connection therewith.

"3. Count 1 prayer for damages shall be amended from $50,000.00 to $125,000.00.

"4. Count II prayer for damages shall be amended from $50,000.00 to $125,000.00.

"5. Paragraph 23 shall be amended from $50,000.00 to $125,000.00.

"6. Count III prayer for relief shall be amended from $50,000.00 to $125,000.00."

## DISCUSSION

Admittedly, plaintiffs may not introduce a new cause of action by means of an amendment to a complaint if that cause of action is barred by the statute of limitations: Shenandoah Borough v. Philadelphia, 367 Pa. 180, 79 A. 2d 433 (1951).

Reference is herein made to 3 Standard Pa. Practice §20, and cases cited therein, where, inter alia, it is stated at page 682:

"One test to be applied to the question whether an amended complaint presents a new and different cause of action is . . . whether the same measure of proof is required. Proof of the existence of additional facts required to sustain an action as amended is another test for determining whether the amendment introduces a new cause of action. In other words, the test of whether a new cause of action has been introduced is to be found in the answer to the question, did the plaintiff originally so state his cause of action as to show that he had a legal right to recover what he subsequently claims."

The question as applied to the subject facts must be answered in the negative.

Plaintiffs' cause of action as originally stated arose from the sale of the business and property to County Holding Company for $100,000 instead of to Record Company for $150,000, thus causing a loss to plaintiffs of the difference, or $50,000. Their amendment now predicates their loss, not on the difference between the two sales prices, but on the difference between the amount of $150,000 offered and the cash down payment received in the amount of $25,000. Obviously, the measure of proof and defense differ. Plaintiffs, if the amendment were allowed, would have to prove that the County Holding Company was an insolvent company and defendant knew of its insolvency at the time of the sale and defendant would likewise have to defend against such charge. Under the original complaint, no such proof or defense would be involved.

For these reasons we enter the following

## ORDER

Now, October 3, 1975, plaintiffs' motion to amend its complaint is denied.